# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIEN WASHINGTON, | Case No. 1:21-cv-01504-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| HEATHER SHIRLEY,[1] | |
| Respondent. | (ECF No. 10) |
| | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On November 21, 2017, Petitioner was convicted after a jury trial in the Kings County Superior Court of attempted murder, assault with a firearm, shooting at an occupied vehicle, active participation in a street gang, and being an ex-felon in possession of a firearm. The jury found true enhancements that the offenses were committed for the benefit of or in association with a criminal street gang and involved the personal use of a firearm causing great bodily

---

[1] Heather Shirley is the Warden of Wasco State Prison, where Petitioner is housed. Accordingly, Heather Shirley is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

injury. Petitioner admitted to a prior serious felony conviction that was also a strike. Petitioner was sentenced to an imprisonment term of 206 years to life. (LDs[2] 1, 2). On October 29, 2020, the California Court of Appeal, Fifth Appellate District remanded the matter back to the trial court for a determination whether Petitioner should be resentenced in light of Senate Bill No. 1393 and Senate Bill No. 620. The judgment was otherwise affirmed. (LD 2). On January 20, 2021, the California Supreme Court denied Petitioner's petition for review. (LDs 3, 4).

On October 12, 2021, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On December 9, 2021, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971), based on Petitioner's ongoing state remand proceedings. (ECF No. 10). Petitioner has not filed an opposition or statement of non-opposition, and the time for doing so has passed.

## II.

## DISCUSSION

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). "However, even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir. 2018) (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

///

///

---

[2] "LD" refers to the documents electronically lodged by Respondent on December 22, 2021. (ECF No. 11).

1  Here, Petitioner currently is awaiting a remand hearing in the Kings County Superior
2  Court.³ (ECF No. 10 at 2; ECF No. 10-1 at 2). The Ninth Circuit has held that "[w]hen there is a
3  pending state penalty retrial and no unusual circumstances, we decline to depart from the general
4  rule that a petitioner must await the outcome of the state proceedings before commencing his
5  federal habeas corpus action." Edelbacher v. Calderon, 160 F.3d 582, 582–83 (9th Cir. 1998).
6  Accordingly, as Petitioner has an ongoing criminal proceeding in state court, the Court should
7  abstain from interfering with the state judicial process pursuant to Younger, and the petition
8  should be dismissed without prejudice.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 10) be GRANTED and the petition be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Heather Shirley as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

---

³ Superior Court of California, County of Kings, https://cakingsportal.tylerhost.net/CAKINGSPROD (search by "Record Number" for "17CMS0951B") (last visited Feb. 3, 2022). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks and citation omitted)); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Arizona Libertarian Party v. Reagan, 798 F.3d 723, 727 n.3 (9th Cir. 2015) ("We may take judicial notice of 'official information posted on a governmental website, the accuracy of which [is] undisputed.'" (quoting Dudum v. Arntz, 640 F.3d 1098, 1101 n.6 (9th Cir.2011))).

§ 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 4, 2022**

UNITED STATES MAGISTRATE JUDGE